**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RINCHIN DEMCHIG; TUMENDELGER OTGON; NOMIN RINCHIN, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   14-70031 <br><br> Agency Nos.   A089-299-924 <br> A089-299-925 <br> A089-299-926 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2018[**]
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and JACK,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Rinchin Demchig, his wife, and their teenage daughter[1]—all natives and citizens of Mongolia—petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     We review the BIA's credibility finding for substantial evidence, and we will reverse only if "the evidence compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (quotation omitted); *see also Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010).

The BIA's adverse credibility finding was supported by substantial evidence. There were material inconsistencies between Demchig's written declaration and his oral testimony regarding who was present at certain meetings, what various individuals told him or asked him, and whether he resigned or was fired. *See Shrestha*, 590 F.3d at 1043. Demchig's explanation for those inconsistencies—that his declaration was mistranslated—is unavailing given that the IJ gave Demchig multiple opportunities to review his declaration with counsel and make any necessary changes before admission into evidence. *See id.*

---

[1] Demchig's wife's and daughter's claims are derivative of Demchig's application for relief. They did not testify in support of their claims, relying solely on the lead petitioner. Therefore, this disposition focuses on Demchig's testimony.

Furthermore, Demchig repeatedly lied under oath about the declaration itself, asserting that he had personally prepared it, when in fact an associate in Mongolia had prepared it for him. Therefore, the agency properly found that neither Demchig's declaration nor his oral testimony was reliable.

2.    Ordinarily, because Demchig's testimony is not credible, we would turn to an assessment of his claims based solely on his documentary evidence. *See Almaghzar*, 457 F.3d at 922–23. However, Demchig does not challenge the BIA's affirmance of the IJ's finding that his documentary evidence was insufficient to establish eligibility for asylum or other forms of relief. But even if Demchig had challenged those findings, we would deny the petition.

Substantial evidence supports the BIA's decision. *See id.* Although Demchig's evidence does establish that he worked for Mongolia's Special Secret Service, it does not establish whether he is likely to face persecution or torture when he returns to Mongolia. *See* 8 U.S.C. § 1158(b)(1), 1231(b)(3); 8 C.F.R. § 208.16(c)(2); *see also Almaghzar*, 457 F.3d at 922–23. The only evidence connecting Demchig's employment to his fear of persecution or torture is his own testimony, which for the reasons outlined above is unreliable.

Therefore, the petition is **DENIED.**